(No. 4345- )

Jasper Jayne, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed April 10, 1951.*

George W. Kasserman, Jr., Attorney for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Delaney, J.

Claimant filed his claim on September 28, 1950 for compensation under the Workmen's Compensation Act, for an injury which he suffered on November 15, 1949, while employed by respondent.

He was employed by respondent in the Department of Public Works and Buildings, Division of Highways, as a maintenance equipment operator. On November 15, 1949 Mr. Jayne was one of a group of men engaged in crushing concrete, which was removed from the pavement of U.S. Route 45. The rock crusher was located on the right of way of U.S. 45, two miles northeast of Neoga, in Cumberland County. At approximately 3:00 P.M. that afternoon, Mr. Jayne's right second finger and right ring finger were crushed.

Commissioner Henry S. Wise observed from an examination of claimant's right hand that the right ring finger shows an amputation of about one-third of a distal phalanx, with the finger being somewhat shorter than the ring finger on the left hand, and that the right second finger is somewhat crooked, and that claimant stated that there is a numbness on both the right ring finger

and the right second finger. Claimant is unable to flex the two fingers into a tight fist, and states that there is some disability in his ability to use his hand and fingers. Commissioner Wise further observed the bone in the right ring finger does not have sufficient flesh covering the end of same, and that the bone can be felt at the end of the finger. There seems to be a discrepancy in the facts as to just how the accident occurred, but this will not affect the determination of the Court in this cause.

The record consists of the complaint, departmental report, entry of appearance of George W. Kasserman, Jr. as counsel for claimant, and withdrawal of Dale Wilson as attorney, and stipulation waiving briefs of both parties.

At the time of the accident, in which the claimant, Jasper Jayne, was injured, employer and employee were operating under the provisions of the Workmen's Compensation Act of this State. Notice of the accident, and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

Claimant had seven children under 18 years of age depending upon him for support. He was first employed on March 14, 1949 at a salary of $187.00 a month. On July 1, 1949 his salary was increased to $225.00 a month. Salary payments from the Division to Mr. Jayne from March 14, 1949 to November 15, 1949, inclusive, totaled $1,682.08. His compensation rate, therefore, would be the maximum of $15.00 per week. However, as the injury occurred after July 1, 1949, this must be increased 50 per cent, and under Section 8, (j) (3) his compensation rate would be $30.00 per week.

Claimant was totally disabled because of his injury from November 16 to December 14, 1949, inclusive. He

was paid full salary from November 16 to December 2, 1949, inclusive, in the amount of $127.02. He was paid compensation at the rate of $30.00 a week from December 3 to 14, 1949, inclusive, in the amount of $51.43. Payments for all loss of time due to the injury totaled $178.45.

Claimant is entitled to an award for 30 per cent loss of use of his right second finger under Section 8, Par. (e); this would be 10½ weeks. Claimant is also entitled to an award for a 50 per cent loss of the right ring finger, under the same section, which would be 12½ weeks, making a total for both fingers of 23 weeks at $30.00 per week or $690.00. Claimant is entitled to 4 1/7 weeks temporary total disability in the amount of $124.29; and as claimant received the total sum of $178.45 for loss of time, the sum of $54.16 must be deducted from his award representing non-productive time, leaving an award due claimant of $635.84.

An award is, therefore, entered in favor of claimant, Jasper Jayne, in the amount of $635.84, all of which has accrued and is payable forthwith.

Neva June Matson, Court Reporter, was employed to take and transcribe the testimony, for which she made a charge of $7.70. We find that this charge is fair, reasonable and customary.

An award is, therefore, entered in favor of Neva June Matson, in the sum of $7.70, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."